**Melvin GOODSPEED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00227–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted May 26, 2005.

Decided June 21, 2005.

James E. Davis, Texarkana, AR, for appellant.

Nicole Habersang, Asst. Dist. Atty., Texarkana, TX, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

A jury convicted Melvin Goodspeed for aggravated sexual assault and sentenced him to ninety-nine years' imprisonment. *See* TEX. PEN.CODE ANN. § 22.021(a)(1)(B)(i) (Vernon Supp.2004–2005) (child victim). On appeal to this Court, we originally sustained Goodspeed's sole point of error, held he received ineffective assistance of counsel during voir dire, and concluded counsel's deficient performance during this critical phase of the trial sufficiently undermined confidence in the trial court's judgment. *Goodspeed v. State*, 120 S.W.3d 408 (Tex.App.-Texarkana 2004), *rev'd*, No. PD–1882–03, —— S.W.3d ——, 2005 WL 766996, 2005 Tex.Crim.App. LEXIS 520 (Tex.Crim.App. Apr. 6, 2005). On discretionary review, the Texas Court of Crimi-

nal Appeals, with three justices dissenting, reversed because Goodspeed's counsel had not been "afforded an opportunity to explain his actions before being denounced as ineffective" and because some hypothetical trial strategy might arguably support counsel's conduct. *Goodspeed*, 2005 WL 766996 at *2, 2005 Tex.Crim.App. LEXIS 520, at *5. That court then remanded this case for further proceedings. We now affirm the trial court's judgment.

## I. Issues Presented

Goodspeed contends he received ineffective assistance of counsel from his trial attorney, because the attorney (A) filed "nonsensical pretrial pleadings," (B) "conducted no meaningful voir dire examination" and exercised peremptory strikes on two previously excused panel members, (C) "failed to subpoena the child's Mother until the morning of trial" and did not understand why the child complainant's competency was an issue, (D) failed to make an adequate opening statement, (E) cross-examined witnesses in such a way as to insinuate Goodspeed's guilt and solicited or allowed testimony that bolstered the credibility of other witnesses; (F) failed to question the complainant about playing sexual games with her cousin, and (G) failed to object to an improper jury argument by the prosecutor.

## II. Standard of Review

We review claims of ineffective assistance of counsel using the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). We also note that the Texas Court of Criminal Appeals has, for the most part, relegated claims of ineffective assistance to the "the highly problematic and uncertain world of habeas corpus" review. *See Goodspeed*, 2005 WL 766996 at *6, 2005

Tex.Crim.App. LEXIS 520, at *21 (Holcomb, J., dissenting). We now turn to each of Goodspeed's complained-of areas of error.

### III. Analysis

#### A. Pretrial Pleadings

Goodspeed first alleges he received ineffective assistance because his trial counsel filed "nonsensical pretrial pleadings." The complained-of filings include a motion to inspect medical records and witness reports, a request for specific witnesses (to be summoned to give testimony at a pretrial hearing), two motions to quash the indictment, and an objection to the State's notice of an outcry witness.

■ The motion to inspect medical records and witness reports was directly relevant to the case. Counsel asked for pictures taken by Cecilia Cole, the nurse who examined the victim, at the North East Texas Child Advocacy Center. Cole would eventually testify at trial about these pictures and her role as the sexual assault nurse examiner. The photographs were also admitted into evidence at trial. Thus, the evidence sought through counsel's pretrial motion was directly relevant to counsel's preparation for trial.

■ The second item—the request that specific witnesses be summoned for a pretrial hearing—was relevant to Goodspeed's being able to present witness testimony. No ineffective assistance of counsel has been shown.

■ Similarly, counsel's motions to quash do not support Goodspeed's claim of ineffective assistance. The motions to quash the indictment highlight that the original indictment was possibly defective in two respects: the indictment arguably did not show the offense occurred within Bowie County, and the indictment did not give the specific date of the offense alleged. If the trial court had quashed the indictment based on either of trial counsel's motions, Goodspeed, who was incarcerated at the time of filing, would have been freed from jail until the State could secure a new indictment. See, e.g., Rodriguez v. State, 42 S.W.3d 181, 185–86 (Tex. App.-Corpus Christi 2001, no pet.) (granting of motion to quash generally results in dismissal of prosecution). And while an indictment need not allege the exact date on which an offense occurred, see TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (Vernon 1989), it would not be unsound trial strategy to narrow the State's needed proof to a single offense date. Accordingly, we conclude there is at least a possible strategic reason supporting counsel's decision to file the motions to quash.

■ Counsel's final complained-of filing—a handwritten objection to the State's notice of outcry witness—does seem to fall short of attacking the propriety of admitting testimony from an outcry witness. Instead, the objection reads more like a pretrial motion for acquittal. But Goodspeed has not demonstrated that filing this second motion to quash had any impact on the outcome of his trial. See Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). Nor does the record before us provide any insight into counsel's reasoning for filing this particular motion. Thus, we cannot conclude counsel's pretrial motions support Goodspeed's claim of ineffective assistance of counsel.

#### B. Voir Dire and the Exercise of Peremptory Strikes on Previously Excused Members of Venire

Goodspeed next complains that trial counsel's voir dire was ineffective because it resulted in no challenges for cause to venire members Pettyjohn, Bradford, Overmeyer, Sims, Conkleton, Burks, Elliot, or George. He also asserts that trial counsel was ineffective for using two of Goodspeed's peremptory challenges on two

members of the venire panel who had already been excused for cause by the trial court. The Texas Court of Criminal Appeals has already ruled against Goodspeed on this aspect of his claim. *See Goodspeed,* 2005 WL 766996 at *4, 2005 Tex. Crim.App. LEXIS 520, at *2–5.

### C. Subpoenaing the Victim's Mother & Understanding Why Competency Was at Issue

Goodspeed next contends his trial counsel provided ineffective assistance because counsel did not subpoena the victim's mother until the morning of trial and because counsel "had no idea of why the child's competency to testify as a witness was in issue...." Goodspeed has not shown, however, that such alleged misconduct was not the product of a reasoned trial strategy or that, but for such conduct, Goodspeed would not have been convicted or would have otherwise received a lesser punishment. Moreover, Goodspeed's trial counsel *did* test the victim's ability to distinguish the truth, and counsel tested the victim about the circumstances surrounding her outcry in an obvious attempt to cast doubt on the veracity of her claim— which does, at least, seem to discredit Goodspeed's claim that counsel did not understand why the complainant's competency was at issue. As such, the record before us does not support Goodspeed's claim.

### D. Short Opening Statement

■ Goodspeed next contends his trial counsel provided ineffective assistance by failing to make a longer opening statement. Counsel's opening statement was, in fact, succinct:

> Your Honor, as my client has steadfastly maintained his innocence from the date that he was arrested—August 11th of 2000 till the present time, he has denied that he assaulted this child, and we will have some proof on that. Thank you.

Neither the choice of language nor the brevity of the statement suggests error in counsel's opening statement. Counsel concisely articulated Goodspeed's defense strategy as one based on innocence, a theme that would reappear during counsel's cross-examination of the State's witnesses, in Goodspeed's own testimony, and as part of counsel's closing statement. In his brief to this Court, Goodspeed has made no attempt to show that a longer opening statement would have resulted in an acquittal or a shorter sentence. Accordingly, Goodspeed has not satisfied his burden of proof on appeal.

### E. Cross–Examination of the State's Witnesses and Solicitation of Bolstering Testimony

■ Goodspeed next contends trial counsel improperly phrased cross-examination questions in such a way that counsel's questioning served (1) to impliedly admit Goodspeed's guilt, (2) only to support the State's case for conviction, and (3) to improperly bolster the testimony of the State's evidence. Goodspeed further complains that counsel erred by asking a witness on cross-examination whether she believed the complainant's outcry and by allowing the State to improperly bolster its witnesses by questioning those testifying about the veracity of the State's other witnesses. Assuming, without deciding, that Goodspeed's characterization of counsel's cross-examination is correct, Goodspeed has made no showing that, absent such alleged errors, he would not have been convicted or would have received a lesser sentence. Nor has trial counsel been afforded an opportunity to explain his strategic reasons for asking these questions. Accordingly, we cannot sustain Goodspeed's claim based on the record and briefing currently before this Court.

### F. Failure To Fully Question the Complainant About Her "Play" with Kevin

Goodspeed also argues, "Even though [the complainant's] account of the sexual

game the child had been playing with her cousin Kevin was the only other explanation for her injuries, [counsel] failed to fully explore this possibility through her testimony." Goodspeed has neither made an attempt to show or suggest the substance of this missing testimony, nor made an attempt to show that such evidence would have necessarily resulted in an acquittal or a lesser sentence. Nor has trial counsel had the opportunity to respond to these allegations, as required by the Texas Court of Criminal Appeals. We, therefore, cannot say the record supports Goodspeed's claim.

### G. Prosecutor's Closing Argument

 Finally, Goodspeed contends trial counsel's performance was deficient because counsel failed to object to an allegedly improper jury argument by the State. Goodspeed's trial took place one week after the terrorist attacks of September 11, 2001, in New York City, Pennsylvania, and Washington, D.C. In closing argument, the prosecutor stated, without objection,

> You know, this last week has been a pretty amazing week for our country, and it has been a time where people have united and come together to stand against those who would perpetrate acts of terrorism against our country. And I'm standing here before you in a little part of the country, and I'm asking the twelve of you to come together and stand united against acts of terror, the act of terror that that man perpetrated against one of our children. I'm asking you to do that and I'm asking you to stop this girl's suffering. She has endured enough and it's time you all ended that suffering, and the only way you can do that is to return a verdict of guilty. Thank you.

"Permissible areas of closing argument are: (1) summation of evidence presented at trial; (2) reasonable deductions drawn from said evidence; (3) answers to opposing counsel's argument; and (4) plea for law enforcement." *Flowers v. State,* 133 S.W.3d 853, 858 (Tex.App.-Beaumont 2004, no pet.). In this case, the prosecutor's argument arguably constituted a plea for law enforcement. We cannot say counsel rendered ineffective assistance by failing to object to an arguably permissible summation by the prosecutor.

### IV. Conclusion

For the reasons stated, we overrule Goodspeed's point of error and affirm the trial court's judgment.