

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00450-CR

ERIC BLEDSOE                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1325173D

----------

## OPINION

----------

Appellant Eric Bledsoe appeals from his convictions for aggravated sexual assault of a child under six and indecency with a child. We conclude that the judgment for aggravated sexual assault should be modified to clearly reflect that it involved a child younger than six. But because we find no other error in the trial court's judgment, we affirm it as modified. We also affirm the trial court's judgment for indecency with a child.

## I. BACKGROUND

Approximately four weeks after S.L.'s fourth birthday on February 21, 2013, S.L. told her mother, A.L., that Bledsoe, who was S.L's step-grandfather, had earlier told S.L. that she could use his penis as a pacifier and asked her to "squish" his penis. S.L. denied using his penis as a pacifier but did admit that she had "squeeze[ed]" Bledsoe's penis with her hands. A.L. called her mother, who was married to Bledsoe, to report the child's allegations. A.L.'s mother confronted Bledsoe. Bledsoe asserted that he had accidentally exposed himself to S.L. and that S.L. then had "kissed" his penis. A few days after S.L.'s outcry to A.L., S.L. told Joy Hallum, a forensic interviewer, that Bledsoe had "poke[d]" inside her vagina with his finger. S.L. also reported to a sexual-assault nurse examiner, Rebecca Sullivan, that Bledsoe had put his finger inside her sexual organ.

A grand jury indicted Bledsoe with aggravated sexual assault of a child under the age of six—"intentionally or knowingly cause the penetration of the sexual organ of [S.L.], a child younger than 6 years of age, by inserting his finger into her sexual organ" (count one). *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2014). In the same indictment, the grand jury also indicted Bledsoe with indecency with a child—"intentionally, with the intent to arouse or gratify [his] sexual desire . . ., engage in sexual contact with [S.L.], a child younger than 17 years, by causing [S.L.] to touch the sexual organ of [Bledsoe]" (count two). *See id.* § 21.11(a)(1) (West 2011).

Before trial, the State notified Bledsoe of its intent to offer A.L.'s and Hallum's testimony regarding S.L.'s outcry statements to them. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2 (West Supp. 2014). Both testified at trial. Sullivan also testified for the State about her medical examination of S.L. During Sullivan's testimony, Bledsoe lodged a hearsay objection to the State's question regarding what S.L. told her about the offense during the exam. The trial court overruled Bledsoe's hearsay objection, and Sullivan testified that S.L. had stated that Bledsoe had put his finger inside her female sexual organ and that she had squeezed his penis with her hands. At trial, S.L. denied that Bledsoe had penetrated her sexual organ and testified that he had touched "on the skin of" but "outside" her sexual organ. S.L. stated that it hurt when Bledsoe touched her sexual organ.

A jury found Bledsoe guilty of count one and count two. The jury assessed his punishment at 60 years' confinement for count one and at 20 years' confinement for count two. The trial court entered judgments accordingly. Bledsoe now appeals and argues that his trial counsel was constitutionally ineffective, the jury charges at guilt-innocence and at punishment contained error, the trial court erred by overruling Bledsoe's hearsay objection to Sullivan's testimony, and the evidence of penetration was insufficient. The State asserts in a cross-issue that the trial court's judgment in count one should be modified to clearly show that Bledsoe was convicted of aggravated sexual assault of a child under six years old.

## II. BLEDSOE'S ISSUES

### A. SUFFICIENCY OF THE EVIDENCE

In his fifth issue, Bledsoe argues that the evidence was insufficient to prove he penetrated S.L.'s sexual organ. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). When performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact-finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Hallum and Sullivan testified that S.L. stated shortly after the offense that Bledsoe had poked her sexual organ with his finger and put his finger inside. At trial, S.L. denied Bledsoe penetrated her sexual organ. Any conflict between S.L.'s prior statements to Hallum and Sullivan and her trial testimony created a credibility issue for the jury to resolve. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170. The jury was free to disbelieve S.L.'s trial testimony. S.L.'s statements to Hallum and Sullivan alone were sufficient to prove penetration. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (holding recantation does not destroy probative value of outcry statement and fact-finder is free to disbelieve recantation). We overrule Bledsoe's fifth issue.

## B. ADMISSION OF SULLIVAN'S TESTIMONY

Bledsoe argues in his fourth issue that the trial court abused its discretion by admitting Sullivan's testimony regarding S.L.'s outcry statements to her. At trial, Bledsoe objected that Sullivan's testimony was inadmissible hearsay, and the State asserted that her testimony fell under an exception to the hearsay rule as a statement made for medical diagnosis or treatment. *See* Tex. R. Evid. 803(4). Bledsoe raised no further objection to Sullivan's testimony.

Although Bledsoe's general hearsay objection would preserve his complaint for appellate review in most cases, the State identified the hearsay exception on which it relied in response to Bledsoe's objection; therefore, Bledsoe was required to further object that the invoked exception did not apply. *See* Tex. R. Evid. 103(a)(1); *Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990); *Meyers v. State*, 865 S.W.2d 523, 524–25 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *cf. Lankston v. State*, 827 S.W.2d 907, 910 (Tex. Crim. App. 1992) ("[B]ecause all of the testimony sought to be elicited from the witness . . . was necessarily hearsay, and because its admissibility under article 38.072 had already been established, Appellant was obliged at least to claim that a specific part of it was objectionable in spite of the exception."). Even if Bledsoe had not procedurally defaulted this complaint, the trial court did not abuse its discretion by admitting Sullivan's testimony. *See Franklin v. State*, 459 S.W.3d 670, 675–78 (Tex. App.—Texarkana 2015, pet. filed) (holding sexual-assault nurse's

testimony was properly admitted as statements made for the purpose of medical diagnosis). We overrule Bledsoe's fourth issue.

## C. JURY CHARGE

### 1. Guilt-Innocence

In his third issue, Bledsoe argues that the trial court's jury charge given during the guilt-innocence portion of the trial was erroneous because it omitted a comma from the statutory definition of sexual contact, causing confusion. Bledsoe did not object to the definition at trial; thus, we may reverse only if the unpreserved error caused egregious harm. *See* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013). The appropriate inquiry for egregious harm is a fact specific one that must be performed on a case-by-case basis. *See Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013); *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011). We are to analyze any harm in light of the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information in the record. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

Here, the trial court defined sexual contact both in the context of (1) the actor touching protected parts of the child's body and (2) prohibited parts of the actor's body touching the child. *See* Tex. Penal Code Ann. § 21.11(c). The definition of the second context of sexual contact omitted a comma:

> "Sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: any touching by a person, including touching through clothing, of the anus,

breast, or any part of the genitals of a child; or any touching of any part of the body of a child, including touching through clothing [sic] of the anus, breast, or any part of the genitals of a person.

The later application portion of the jury charge correctly instructed the jury regarding the charge of indecency with a child. The jury heard evidence that Bledsoe admitted to his wife that he accidentally exposed himself to S.L. and that there was contact between his penis and S.L.'s mouth. The State's and Bledsoe's closing jury arguments clearly informed the jury what type of touching was alleged. Even if the omission of a comma in the abstract portion of the charge were erroneous, it did not cause egregious harm entitling Bledsoe to appellate relief. *See Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1102 (2000). We overrule issue three.

## 2. Punishment

Bledsoe argues in his second issue that the trial court erred by instructing the jury in the punishment charge that Bledsoe would not be "eligible for release or parole" if sentenced to a term of imprisonment for his conviction for count one. Bledsoe asserts that because the operative wording was "release *or* parole" instead of "release *on* parole," the jury was thereby erroneously informed that any sentence would be a life sentence "no matter what the jury did." The jury charge further instructed the jury that although it could consider the existence of parole law and good-conduct time, it could not consider "the extent to which good conduct time may be awarded . . . or forfeited" or "the manner in which the parole law may be applied

to this particular Defendant." As with his challenge to the guilt-innocence charge, Bledsoe did not object to the parole instruction he attacks on appeal.

The instruction was not erroneous. *See* Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2014). Even if erroneous, it was not egregiously harmful. *See Igo v. State*, 210 S.W.3d 645, 647–48 (Tex. Crim. App. 2006); *Hubert v. State*, No. 05-12-01084-CR, 2014 WL 1022324, at *13 (Tex. App.—Dallas Mar. 4, 2014, pet. ref'd) (not designated for publication). Bledsoe was not eligible for parole based on his conviction for aggravated sexual assault of a child under six. *See* Tex. Gov't Code Ann. § 508.145(a). Indeed, Bledsoe argued to the jury that its sentence would not be reduced by parole and because the minimum term was twenty-five years, any term of confinement practically would be a life sentence: "[H]e is not even eligible for parole. If he gets 25, he'll do 25. If he gets 30, he will do the full 30, . . . up to life. . . . [H]e's going down basically to a life sentence. He's 57 years old. You can do the math." There was no egregious harm to Bledsoe arising from the parole instruction, and we overrule issue two.

### D. INEFFECTIVE ASSISTANCE OF COUNSEL

Bledsoe asserts that trial counsel was ineffective at trial for failing to (1) request a reliability hearing before Hallum and A.L. testified, (2) object to Hallum's testimony as hearsay, (3) "explore" the validity of the State's medical-diagnosis hearsay exception, and (4) object to the omitted comma in the definition of sexual conduct in the jury charge. He also argues counsel was constitutionally

8

ineffective at punishment for failing to object to the parole instruction regarding his conviction for count one.

To establish ineffective assistance of counsel, Bledsoe must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different—deficient performance resulting in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593.

Bledsoe did not file a motion for new trial raising ineffective assistance of counsel; therefore, we have no record evidence of counsel's reasoning behind his actions or inactions. Because counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we defer to counsel's decisions and overrule Bledsoe's first issue. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

9

## III. THE STATE'S CROSS-ISSUE

In its cross-issue, the State argues that the judgment for count one should be modified to clearly show that the offense of which Bledsoe was convicted was aggravated sexual assault of a child under six years of age. The State suggests that section 22.021(f) should be included along with section 22.021(a)(2)(B) in the judgment and that the statement of the offense should be expanded to state that S.L. was under six at the time of the offense. Bledsoe has not responded to this cross-issue.

The grand jury indicted Bledsoe with "intentionally or knowingly caus[ing] the penetration of the sexual organ of [S.L.], a child younger than 6 years of age, by inserting his finger into her sexual organ." The State introduced evidence that the victim was "four or three" when the offense occurred on March 20, 2013, and that she was five at the October 21, 2014 trial. The jury charge explained that "[t]he offense is Aggravated Sexual Assault of a Child if the victim is younger than 6 years of age." Similarly, in a later application paragraph, the trial court instructed the jury that it should find Bledsoe guilty of aggravated sexual assault of a child if it found beyond a reasonable doubt that Bledsoe "intentionally and knowingly cause[d] the penetration of the sexual organ of [S.L.], a child younger than 6 years of age, by inserting his finger into her sexual organ." The jury found Bledsoe guilty of "the offense of Aggravated Sexual Assault of a Child as charged in Count One of the Indictment."

As charged, S.L.'s age was an aggravating, yet essential, element of the offense that the State was required to prove beyond a reasonable doubt; therefore, it would be appropriately reflected in the trial court's judgment for count one as part of the portions of the judgment entitled "Offense for which Defendant Convicted" and "Statute for Offense." *See Reed v. State*, 991 S.W.2d 354, 358 (Tex. App.—Corpus Christi 1999, pet. ref'd) (holding when only aggravating element in sexual-assault offense is age of victim, victim's age is essential element of the offense). *See generally* Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2014) (providing judgment must reflect the offense for which defendant was convicted). The indictment charged Bledsoe with aggravated sexual assault of a child under six in count one and that is what the jury found Bledsoe guilty of.

The judgment does reflect that the victim was younger than six at the time of the offense; however, this notation is at the bottom of the judgment in the portion entitled "Sex Offender Registration Requirements apply to the Defendant." In order to ensure that Bledsoe's sentence is correctly computed by the Texas Department of Criminal Justice, the judgment should be modified to show clearly that Bledsoe was convicted of aggravated sexual assault of a child under the age of six, which bars his eligibility for early release on parole. *See* Tex. Gov't Code Ann. § 508.145(a); *cf. Leija-Balderas v. State*, No. 05-14-00648-CR, 2015 WL 1454948, at *1 (Tex. App.—Dallas Mar. 27, 2015, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to reflect

11

defendant pleaded guilty to and was convicted of aggravated sexual assault of a child younger than fourteen under section 22.021(a)(1)(B) and to delete notation that victim was five at the time of the offense). Without this modification, the Texas Department of Criminal Justice could erroneously, yet understandably, conclude that Bledsoe is eligible for release on parole. *See* Tex. Gov't Code Ann. § 508.145(d)(1) (providing parole eligibility for inmates convicted of aggravated sexual assault under penal code section 22.021); *cf. Aldana v. State*, No. 08-13-00243-CR, 2015 WL 2344023, at *2 (Tex. App.—El Paso May 14, 2015, pet. filed) (not designated for publication) (modifying judgment to delete fines in two of three convictions to ensure prison officials understood fines were not concurrent).

The State's requested modification is warranted because it was an element of the offense that the State was required to prove, because it ensures proper calculation of Bledsoe's sentence for aggravated sexual assault of a child under six, and because Bledsoe does not argue it would be improper. Accordingly, we modify the portion of the judgment for count one entitled "Offense for which Defendant Convicted" to reflect that Bledsoe was convicted of aggravated sexual assault of a child younger than six years of age. Further, the portion of the judgment for count one entitled "Statute for Offense" is modified to state not only penal code section 22.021(a)(2)(B) but also section 22.021(f)(1). *See* Tex. Penal Code Ann. § 22.021. We sustain the State's cross-issue.

## IV.  CONCLUSION

We modify the trial court's judgment for count one to state that the "Statute for Offense" is "22.021(a)(2)(B), (f)(1) PC" and to state that the "Offense for which Defendant Convicted" is "aggravated sexual assault of a child younger than six years of age."   As modified, we affirm the trial court's judgment for count one. *See* Tex. R. App. P. 43.2(b).  We affirm the trial court's judgment for count two. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DAUPHINOT, J., filed a dissenting opinion.

PUBLISH

DELIVERED:  October 29, 2015