**Opinion filed March 29, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00073-CR

_____

## ANTHONY LEE GOODIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CR04025**

## MEMORANDUM OPINION

The jury convicted Anthony Lee Goodin of the first-degree felony offense of aggravated sexual assault of a child younger than six years of age. The trial court assessed his punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice. The trial court's judgment of conviction reflects that the trial court assessed court costs of $748.

Appellant brings three issues on appeal. Appellant does not challenge either his conviction or his sentence. Instead, he challenges the assessment of $129 in court costs. Appellant also contends that the judgment should be modified to show a different age for the victim. The State vigorously contests the relief requested by Appellant. We modify and affirm.

In his first issue, Appellant contends that there is no statutory basis to impose court costs in the amount of $29 for "emergency medical services" because the statute authorizing this cost only applies to a defendant convicted of certain intoxication offenses. In his second issue, Appellant contends that there is no statutory basis to impose court costs for "continuous abuse of a child" because Appellant was not convicted of that offense and he was already assessed a $100 court cost for the child abuse prevention fund.

A defendant may raise a claim challenging the basis of the assessed court costs for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost; traditional *Jackson* evidentiary-sufficiency principles do not apply. *Id.* at 389–90. "A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees." *Martinez v. State*, 510 S.W.3d 206, 208 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Johnson*, 423 S.W.3d at 389). Only statutorily authorized court costs may be assessed against a defendant. *Johnson*, 423 S.W.3d at 389; *see* TEX. GOV'T CODE ANN. § 51.608 (West Supp. 2018).

As noted previously, the judgment of conviction assessed $748 in court costs. The record contains two bills of costs. The first bill of costs was dated twenty-two days after the date that Appellant was sentenced, and it listed $1,248 in court costs, of which $500 was included for "CRIMINAL COURT APPOINTED ATTORNEY." Thus, it appears that the amount for attorney's fees was omitted

from the court costs imposed in the judgment of conviction. The second bill of costs was dated more than eight months later, and it listed $2,548 in court costs. The $1,300 increase in the second bill of costs was attributable to a $1,300 increase in the amount of attorney's fees. Both bills of costs include a $29 "EMERGENCY MEDICAL SERVICES" fee and a $100 "CONTINUOUS ABUSE OF A CHILD" fee.

Article 102.0185 of the Texas Code of Criminal Procedure is entitled "Additional Costs Attendant to Intoxication Convictions: Emergency Medical Services, Trauma Facilities, and Trauma Care Systems." TEX. CODE CRIM. PROC. ANN. art. 102.0185 (West 2018). By its express terms, it authorizes the imposition of an additional $100 court cost upon conviction of certain intoxication offenses to be allocated for emergency-medical services, trauma facilities, and trauma-care systems. *Id.* art. 102.0185(a). The State contends that subsection (a)'s limitation to certain intoxication offenses is not controlling because subsection (b) provides the fee may be imposed if a defendant receives deferred adjudication. The State asserts that, since deferred adjudication cannot be imposed for the specified intoxication offenses, the two subsections conflict. The State contends that the conflict must be resolved by striking subsection (a)'s reference to intoxication offenses.

To the extent that the two subsections conflict, we disagree with the State's proposal for resolving the conflict. When we interpret enactments of the legislature, "we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation." *Prichard v. State*, 533 S.W.3d 315, 319 (Tex. Crim. App. 2017) (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). We focus our analysis on the literal text of the statute and "attempt to discern the fair, objective meaning of that text at the time of its enactment." *Id.* (quoting *Boykin*, 818 S.W.2d at 785). As evidenced by the title of Article 102.0185, it imposes "Additional Costs Attendant to Intoxication Convictions." Thus, the stated purpose of the article is to

3

impose costs for intoxication convictions. To read subsection (b)'s disjunctive reference to deferred adjudication as permitting the imposition of a fee for any type of conviction would ignore the purpose of Article 102.0185.

As we held in *Echols v. State*, a $29 fee for "emergency medical services" is not authorized here because this is not an intoxication case. *See Echols v. State*, No. 11-12-00149-CR, 2013 WL 9674604, at *4 (Tex. App.—Eastland Aug. 22, 2013, no pet.) (mem. op., not designated for publication) (citing CRIM. PROC. art. 102.0185(a)). Therefore, we agree with Appellant that there is no statutory basis to impose court costs against him for an "emergency medical services" fee.

With regard to Appellant's second issue, the State has not directed us to, nor have we found, any statute that authorizes court costs against a defendant for "continuous abuse of a child" when the defendant was not convicted of that offense. *See* CRIM. PROC. art. 102.0186 (permitting a fee of $100 to be assessed as court costs for a person convicted of continuous sexual abuse of young child or children under Section 21.02 of the Texas Penal Code).[1] Thus, there was no statutory basis to impose court costs against Appellant for a "continuous abuse of a child" fee.

Despite the lack of a statutory basis for the imposition of the $29 "emergency medical services" fee and the imposition of the $100 "continuous abuse of a child" fee, the State asserts an alternative basis for upholding the assessment of these fees as court costs. The State contends that Appellant either could have been assessed or should have been assessed fees in the amount of $318.80 for "services of peace officers" under Article 102.011. *See* CRIM. PROC. art. 102.011. The State supports this allegation in part by supplying a supplemental clerk's record containing copies

---

[1]We note that the district clerk also assessed a $100 fee for "CHILD ABUSE PREVENTION FUND" which appears to have been assessed under Article 102.0186. *See* CRIM. PROC. art. 102.0186(c) (referencing the "child abuse prevention fund"). Appellant does not challenge the assessment of the $100 fee for the "child abuse prevention fund."

of over twenty subpoenas issued by the district clerk in the underlying proceedings. However, the district clerk did not issue a bill of costs assessing fees against Appellant for services of peace officers under Article 102.011.

We conclude that fees assessed as court costs should stand or fail based upon the listed purpose for each fee. *See Johnson*, 423 S.W.3d at 389 ("Only statutorily authorized court costs may be assessed against a criminal defendant."). Accordingly, we decline to uphold the imposition of fees that lack a statutory basis for their imposition because the district clerk perhaps could have validly assessed other fees as court courts but did not do so. We sustain Appellant's first and second issues.

In his third issue, Appellant contends that the judgment should be modified to show the correct age of the victim. Appellant asserts that the judgment recites that the victim was three years old at the time of the offense, but the record shows that the victim would have been four years old at the time. We disagree.

We have the authority to reform judgments when necessary. TEX. R. APP. P. 43.2(b); *see Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). We must reform an incorrect judgment "to make the record speak the truth" when we have the necessary information to do so. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Bigley*, 865 S.W.2d at 27–28; *Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, pet. struck) (an appellate court may modify the trial court's judgment to reflect the correct age of the victim of the offense).

The indictment charged Appellant with intentionally and knowingly causing the penetration of the mouth of L.E., a child younger than six years of age, with Appellant's sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii), (a)(2)(B), (f)(1) (West Supp. 2018). The jury convicted Appellant of the offense as alleged in the indictment. Thus, the jury did not determine the exact age of L.E. at the time that the sexual assault occurred, other than to determine that L.E. was

younger than six as specified in Section 22.021(f)(1). *See Bledsoe v. State*, 479 S.W.3d 491, 497–98 (Tex. App.—Fort Worth 2015, pet. ref'd).

The evidence offered at trial does not clearly establish when the sexual assault occurred or L.E.'s age at the time of the assault. L.E. was born in July 2011. L.E. made an outcry of sexual abuse to Nicole Stewart, a CPS caseworker, on March 4, 2016. L.E. was four years old at the time of this outcry statement. However, Appellant had not lived in the home with L.E. during the preceding six months.

A.E., L.E.'s mother, testified that the sexual assault took place sometime between 2014 and 2015 when they lived with her grandmother. A.E. and Appellant first moved in with her grandmother sometime in 2014. They moved in with other relatives for a period of time and moved back in with A.E.'s grandmother around June of 2015 when N.E., L.E.'s youngest brother, was born. They moved out a couple of months later. A.E. and Appellant moved back to her grandmother's house again a couple of months later because her grandmother was sick. Around October of 2015, A.E. and Appellant split up and Appellant moved out.

L.E. was likely three years old when they first moved in with A.E.'s grandmother. However, L.E. was four years old when she made an outcry of sexual abuse to Stewart. The evidence does not clearly establish that the sexual assault occurred when L.E. was four years old. Thus, Appellant has not shown that the judgment is incorrect. As a result, we have no authority to reform the judgment. *See Bigley*, 865 S.W.2d at 27–28; *French*, 830 S.W.2d at 609.

Moreover, the court's opinion in *Bledsoe* suggests that the distinction between L.E. being listed as being three years old or four years old is not critical so long as the judgment reflects that she was under six. 479 S.W.3d at 497–98. As noted in *Bledsoe*, the determination that a child victim is less than six years of age is the critical factor for determining Appellant's minimum term of punishment and

eligibility for parole.  *Id.* (citing PENAL § 22.021(f); GOV'T CODE § 508.145(a)).  We overrule Appellant's third issue on appeal.

*This Court's Ruling*

Having sustained Appellant's first and second issues on appeal, we modify the trial court's judgment to reflect that the amount of court costs is reduced by $129 to the amount of $619.  *See* TEX. R. APP. P. 43.2(b).  We affirm the trial court's judgment as modified.


JOHN M. BAILEY
CHIEF JUSTICE


March 29, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.