Katharine CASTELLANOS a/k/a Katherine Castellanos a/k/a Katharina Castellanos a/k/a Kathy Catellanos, Appellant,

v.

The STATE of Texas, Appellee.

NUMBER 13–14–00524–CR

Court of Appeals of Texas, Corpus Christi-Edinburg.

Delivered and filed October 27, 2016.

Discretionary Review Refused February 8, 2017

Donald B. Edwards, Law Office of Donald B. Edwards, Corpus Christi, for Appellant.

Mark Skurka, Dist. Atty., Douglas K. Norman, Asst. Dist. Atty., Corpus Christi, for Appellee.

Before Chief Justice Valdez and Justices Rodriguez and Benavides

## OPINION

ROGELIO VALDEZ, Chief Justice

A jury found Katharine Castellanos a/k/a Katherine Castellanos a/k/a Katharina Castellanos a/k/a Kathy Catellanos guilty of driving while intoxicated (DWI). After the jury returned its general verdict, the trial court found that the blood alcohol concentration (BAC) in Castellanos's body was above a 0.15 and convicted her of a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(d) (West, Westlaw through 2015 R.S.) (providing that a DWI is a class B misdemeanor unless the defendant's BAC level registers at or above a 0.15, in

which case the offense elevates to a class A misdemeanor). Castellanos was sentenced to one year of probation.

By three issues, Castellanos contends that: (1) the trial court erred in denying her motion to suppress a blood draw taken at a hospital after her arrest; (2) trial counsel was ineffective by affirmatively waiving the error made the basis of her first issue at trial; and (3) the trial court erred in convicting her of a class A misdemeanor DWI when the issue regarding her BAC level was never submitted to the jury. We affirm, as modified, in part and reverse and remand in part.

## I. BACKGROUND

A police officer stopped Castellanos's vehicle after she nearly collided with the officer's vehicle while exiting a parking lot. According to the police officer, Castellanos showed signs of intoxication during the stop. Believing Castellanos to be intoxicated beyond the legal limit, the officer arrested her for DWI. Thereafter, the officer brought Castellanos to a nearby hospital to have her blood drawn. A test of Castellanos's blood revealed that it contained a concentration of 0.19 grams of alcohol per 100 milliliters of blood. The State charged Castellanos with DWI.

Castellanos filed a motion to suppress the blood draw. Castellanos argued, among other things, that the area of the hospital where the blood draw took place was unsanitary. After a hearing on the matter, the trial court denied Castellanos's motion to suppress, and the case proceeded to trial.

At trial, the jury heard the officer's testimony regarding Castellanos's level of intoxication. The jury also heard evidence that Castellanos's BAC was a 0.19 according to the blood draw taken at the hospital. At the conclusion of the evidence, the jury found Castellanos guilty of DWI.

Castellanos elected to be sentenced by the trial court rather than the jury. During the punishment phase, the trial court made a finding that Castellanos's BAC was above a 0.15 and convicted her of a class A misdemeanor. This appeal followed.

## II. MOTION TO SUPPRESS

By her first issue, Castellanos contends that the trial court erred in denying her motion to suppress the blood draw because it was taken in violation of section 724.017(a–1) of the Texas Transportation Code. TEX. TRANSP. CODE ANN. § 724.017(a–1) (West, Westlaw through 2015 R.S.). Specifically, Castellanos contends that the State failed to prove that the area of the hospital where the blood draw took place was sanitary.

### A. Standard of Review and Applicable Law

■■■ We review a trial court's ruling on a motion to suppress under a bifurcated standard. *See State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc). We afford almost total deference to a trial court's determination of the historical facts that the record supports, particularly when the trial court's findings are based upon an evaluation of credibility and demeanor. *Id.* We also afford almost total deference to the trial court's ruling on mixed questions of law and fact if the resolution of those questions turns on an evaluation of credibility and demeanor. *Id.* However, we review de novo the trial court's application of law to facts. *Id.*

■■■ A defendant who moves to suppress evidence obtained in violation of the transportation code carries the initial burden to produce evidence of such violation. *See State v. Robinson,* 334 S.W.3d 776, 779 (Tex. Crim. App. 2011). "Only when this burden is met does the State bear a bur-

den to prove compliance" with the statute. *Id.* Transportation code section 724.017(a–1) provides, in relevant part, that a blood draw in a drunk driving case "must be taken in a sanitary place." TEX. TRANSP. CODE ANN. § 724.017(a–1).

## B. Analysis

■ Here, an assisting officer testified at the suppression hearing that the area of the hospital where the blood draw took place was not open to the general public and was "sanitary." The only evidence provided by Castellanos to refute this assertion was her own testimony that the chair on which she sat during the blood draw did not appear to be "clean" and that she did not see any "cleaning utensil[s]" or "cleaning person" around the area. However, the trial court could have reasonably inferred from the nature of the hospital itself, as well as the environment and manner in which Castellanos's blood was drawn, that the hospital was a sanitary place. *See Krause v. State*, 405 S.W.3d 82, 89 (Tex. Crim. App. 2013) (holding that office located inside a hospital was a sanitary place for a blood draw); *State v. Johnston*, 336 S.W.3d 649, 662 (Tex. Crim. App. 2011) (noting that "a medical environment may be [an] ideal" place for drawing blood); *Adams v. State*, 808 S.W.2d 250 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (same); *see also Paz v. State*, No. 08–03–00207–CR, 2005 WL 147722, at *2 (Tex. App.—El Paso Jan. 20, 2005, no pet.) (mem. op., not designated for publication) (finding that a hospital is a sanitary place); *Mata v. State*, No. 05–98–00014–CR, 1999 WL 333385, at *2 (Tex. App.—Dallas May 27, 1999, no pet.) (mem. op., not designated for publication) (same). We conclude that the trial court properly denied Castella-

nos's motion to suppress. We overrule Castellanos's first issue.

Castellanos's second issue challenges the ineffectiveness of her trial counsel in waiving the alleged error made the basis of her first issue. Because Castellanos's first issue is without merit, we overrule her second issue as moot.

## III. BAC OF 0.15 OF MORE—ELEMENT OR ENHANCEMENT?

■ By her third issue, Castellanos contends that the trial court erred by convicting her of a class A misdemeanor based on a finding that her BAC level was at or above a 0.15 when the jury charge did not instruct the jury to make a finding regarding her BAC level. Castellanos asserts that the jury's verdict only authorized the trial court to convict her of a class B misdemeanor because the jury made no finding regarding her BAC level under penal code section 49.04(d). *See* TEX. PENAL CODE ANN. § 49.04(d) (providing that DWI is a class A misdemeanor if the defendant's BAC level registers at or above a 0.15). The State responds that the Legislature intended the BAC level proscribed by subsection (d) to be an "enhancement" for purposes of punishment and not 'an "element" of DWI. Castellanos and the State agree that if subsection (d) constitutes an element of DWI rather than an enhancement, the issue regarding her BAC level was for the jury to find at the guilt/innocence stage of her trial and not for the trial court to find at punishment. Therefore, the question is whether the BAC level proscribed by subsection (d) is an element of DWI or an enhancement.[1]

■ An "element" is a fact that is legally required for a fact finder to convict

---

**1.** Subsection (d) was enacted in 2011. Our research shows that this Court has not decided whether the BAC level proscribed by sub-

section (d) is classified as an element of DWI or an enhancement.

a person of a substantive offense. *See Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014). Our Legislature has defined the elements of an offense to include "the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense." *Calton v. State*, 176 S.W.3d 231, 233 (Tex. Crim. App. 2005) (citing TEX. PENAL CODE ANN. § 1.07(a)(22) (West, Westlaw through 2015 R.S.)). By contrast, an enhancement is "a fact that increases the punishment range to a certain range above what is ordinarily prescribed for the crime that was charged." *Navarro v. State*, 469 S.W.3d 687, 696 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (citing *Calton*, 176 S.W.3d at 233). "[An enhancement] does not change the offense, or the degree of the offense, of conviction." *Id.* In deciding whether any given fact constitutes an element of an offense, "we look to the plain language of the statute involved and apply that plain language if we are able." *Id.*

Penal code section 49.04 provides as follows:

(a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

(b) Except as provided by Subsections (c) and (d) and Section 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours.

(c) If it is shown on the trial of an offense under this section that, at the time of the offense the person operating the motor vehicle had an open container of alcohol in the person's immediate possession, the offense is a Class B misdemeanor, with a minimum term of confinement of six days.

(d) If it is shown on the trial of an offense under this section that an analysis of a specimen of the person's blood, breath, or urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed, the offense is a Class A misdemeanor.

TEX. PENAL CODE ANN. § 49.04.

In *Navarro*, the Houston Court of Appeals interpreted subsection (d) to describe an element of DWI, not an enhancement. 469 S.W.3d at 696. The *Navarro* Court stated that a plain reading of subsection (d) indicates that "its effect is to convert an offense from a [c]lass B misdemeanor to a [c]lass A misdemeanor whenever a person charged with driving while intoxicated is shown to have 'an alcohol concentration level of 0.15 or more.'" *Id.* The *Navarro* Court reasoned that "[b]ecause this conversion represents a change in the degree of the offense, rather than just an enlargement of the punishment range for a Class B misdemeanor, ... a person's alcohol concentration level is not a basis for enhancement." *Id.* (citing *Calton*, 176 S.W.3d at 233). According to the *Navarro* Court, subsection (d) is instead "an element of a separate offense because it represents a specific type of forbidden conduct—operating a motor vehicle while having an especially high concentration of alcohol in the body." *Id.*

The State maintains that subsection (d) is not an element of DWI and that *Navarro* is incorrectly decided. According to the State, subsection (d) does not describe the "forbidden conduct" for DWI because it measures the defendant's BAC level "at the time the analysis [is] performed" rather than at the moment when intoxicated driving occurs. *See* TEX. PENAL CODE ANN. § 49.04(d). However, regardless of when alcohol concentration is measured, subsection (d) elevates the degree of the offense of DWI from a class B misdemeanor to a class A misdemeanor, which is the hallmark of an element. *See Calton*, 176 S.W.3d at 233. We do not agree with the State that *Navarro* is incorrectly decided.

Therefore, we hold, as did our sister court in *Navarro*, that subsection (d) describes an element of a class A misdemeanor DWI, which the State has the burden to prove at the guilt/innocence stage of a defendant's trial. 469 S.W.3d at 696; *see Calton*, 176 S.W.3d at 233 (reiterating that the elements of an offense must be established at the guilt/innocence stage of trial, not at punishment). Because the jury never made a finding regarding Castellanos's BAC level, the trial court erred in convicting and sentencing her for a class A misdemeanor. We sustain Castellanos's third issue.

### IV. CONCLUSION

We modify the trial court's judgment to reflect a conviction for a class B misdemeanor DWI, affirm Castellanos's conviction as modified, reverse the imposition of punishment, and remand the case for a new punishment hearing on a class B misdemeanor.