**EX PARTE Joel NAVARRO**

**NO. 14-16-00606-CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion Filed April 6, 2017

Rehearing Overruled May 4, 2017

Discretionary Review Refused September 13, 2017

Clinton Morgan, Houston, TX, for State.

R. Scott Shearer, Houston, TX, for Appellant.

Panel consists of Justices Christopher, Jamison, and Donovan.

## OPINION

Tracy Christopher, Justice

This is an appeal from the denial of an application for writ of habeas corpus.

The question is this: When an appellate court renders a judgment of acquittal because there is no evidence of an aggravating element, may the defendant be retried for a lesser-included offense that does not require proof of the aggravating element? Our answer is "yes." We reject appellant's argument that a retrial would run afoul of the prohibition against double jeopardy, and we affirm the trial court's order denying his application for writ of habeas corpus.

Before we set forth the facts of this case, we begin with a brief overview of the two offenses involved in appellant's jeopardy challenge. Both offenses are for driving while intoxicated, but a critical difference lies in the grade of the offenses.

The lesser offense is perhaps the more familiar of the two: the Class B misdemeanor. To convict a person of the Class B misdemeanor, the State must prove that the person was intoxicated while operating a motor vehicle in a public place. *See* Tex. Penal Code § 49.04(a)–(b). Intoxication may be established in either of two ways: first, by proving that the person lost the normal use of his faculties by reason of his consumption of alcohol; or second, by proving that the person had an alcohol concentration of 0.08 or more in his blood at the time of the offense. *Id.* § 49.01(2).

The greater offense is the Class A misdemeanor, and it requires proof of an aggravating element. To convict a person of the Class A misdemeanor, the State must show, in addition to the proof required of the Class B misdemeanor, that the person had an alcohol concentration level of 0.15 or more at the time of his blood draw. *Id.* § 49.04(d).

Appellant was charged by information with the Class A misdemeanor of driving while intoxicated. He pleaded not guilty and his case proceeded to a trial by jury. But when the trial court submitted its guilt-phase charge to the jury, the charge contained the elements of just the Class B misdemeanor. In other words, the trial court did not task the jury with deciding whether the State had proved the aggravating element that appellant had an alcohol concentration level of 0.15 or more at the time of his blood draw.

The jury returned a verdict of guilty on the Class B misdemeanor, and appellant elected to have the trial court decide his punishment. The trial court then treated the aggravating element as an enhancement allegation. Finding that this perceived enhancement allegation was true, the trial court sentenced appellant in accordance with the penalty range for the Class A misdemeanor. The trial court also entered a judgment reflecting that appellant had been convicted of the Class A misdemeanor.

Appellant brought an appeal to this court, and we found several errors in the trial court's judgment. We said that the aggravating element was an essential element of the Class A misdemeanor, which should have been submitted to the jury during the guilt phase of trial, not an enhancement allegation to be decided by the trial court during punishment. We also said that there was legally insufficient evidence of the aggravating element. Based on this insufficiency, we rendered a judgment acquitting appellant of the Class A misdemeanor.

Our analysis did not end there, however. Even though there was no evidence of the aggravating element, we determined that there was sufficient evidence of every other element of the offense, and under binding case law, that meant that we could reform the judgment to reflect a conviction for the Class B misdemeanor and remand for a new punishment hearing. We explained that, had no other issues been

presented in the case, that would have been our remedy. But appellant complained of charge error during the guilt phase of his trial, based on the trial court's refusal to give a definition that prescribed what sort of blood evidence the jury could consider when deciding whether he was intoxicated. We agreed that appellant was entitled to the requested definition and that the trial court had reversibly erred by refusing it. So rather than reform the trial court's judgment, we remanded the case for appellant to be retried on just the Class B misdemeanor. *See Navarro v. State*, 469 S.W.3d 687, 704 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Appellant did not file a motion for rehearing in this court, requesting that we revise our appellate remedy. Nor did he file a petition for discretionary review with the Court of Criminal Appeals, arguing that our remedy was incorrect. The State, on the other hand, did file a petition for discretionary review, complaining of our charge-error analysis, but the Court of Criminal Appeals refused the State's petition.

Back before the trial court, appellant filed an application for writ of habeas corpus, arguing that a retrial would violate several constitutional and statutory prohibitions against placing a person in double jeopardy. The trial court denied relief, and now appellant brings this latest appeal, complaining of the same issue.

We normally review the trial court's ruling on an application for writ of habeas corpus for an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). But when, as here, the resolution of the ultimate issue turns on an application of purely legal standards, our review is de novo. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

When reviewing a jeopardy challenge, we rely largely on the Double Jeopardy Clause of the United States Constitution because the state protections against double jeopardy are "conceptually ... identical." *See Phillips v. State*, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990). Generally speaking, the Double Jeopardy Clause protects an accused against "a second prosecution for the same offense after acquittal." *See Evans v. State*, 299 S.W.3d 138, 140–41 (Tex. Crim. App. 2009). A greater offense is "the same offense" for jeopardy purposes as any lesser offense included within it. *See Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (citing *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

Applying this law to the current case under review, we first note that the Class B misdemeanor is a lesser-included offense of the Class A misdemeanor. The only difference between the two offenses is that the Class A misdemeanor requires additional proof of the aggravating element.

Appellant argues that when this court rendered a judgment of acquittal on the Class A misdemeanor because there was legally insufficient evidence of the aggravating element, his jeopardy ended for the Class A misdemeanor and all of its lesser-included offenses, including the Class B misdemeanor. For this proposition, appellant relies on *Stephens v. State*, 806 S.W.2d 812 (Tex. Crim. App. 1990).

In *Stephens*, the defendant was tried and convicted for aggravated rape, but his conviction was overturned on appeal because the evidence was insufficient to support the aggravating element. *Id.* at 813–14. After the appellate court rendered a judgment of acquittal, the State charged the defendant with the ordinary rape of

the same victim arising out of the same incident, just minus the aggravating element. *Id.* at 814. The defendant argued that the new charge amounted to a violation of the Double Jeopardy Clause, and the Court of Criminal Appeals agreed with him. *Id.* at 819. The Court held, "When a defendant has obtained a reversal of a conviction for a greater offense solely on the ground that there was insufficient evidence to prove the aggravating element of that offense, the Double Jeopardy Clause bars a subsequent prosecution for a lesser included offense." *Id.*

Viewed in isolation, *Stephens* seems to support appellant's position, but there are reasons to not apply it. First, as the State points out in its brief, *Stephens* no longer appears to be good law. The Court of Criminal Appeals has since held that when the State fails to prove an aggravating element of an offense, but the State otherwise produces sufficient evidence to support the conviction of a lesser-included offense, the correct remedy is to reform the judgment to reflect a conviction for the lesser-included offense. *See Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012) (holding that a conviction for misapplication of fiduciary property should be reformed from a first-degree felony to a second-degree felony where the evidence showed that the misapplied property was valued at $100,000 or more, as required for second-degree felony, but not $200,000 or more, as required for first-degree felony).

■ This more recent authority casts doubt on the continued viability of *Stephens*. If an appellate court can now reform the judgment in favor of a lesser-included offense, why should a court in a case that reveals other reversible errors not be allowed to grant the defendant even greater relief by remanding for a new trial? Jeopardy considerations would not justify a bar to the defendant's retrial if the evidence in his first trial necessarily established the proof required of the lesser offense. *See Britain v. State*, 412 S.W.3d 518, 521 (Tex. Crim. App. 2013) ("As we stated in *Bowen*, the fact finder's determination should not be usurped *if* the evidence is legally sufficient.").

Even assuming that *Stephens* were still good law, it is distinguishable on the facts. The defendant there was tried for the greater offense (aggravated rape) in his first trial, and after his conviction was overturned, the State attempted to retry him for the lesser offense (ordinary rape). By contrast, appellant's case was submitted to the jury on just the lesser offense (Class B misdemeanor), and after the jury convicted appellant of that lesser offense, the trial court erroneously entered a judgment on the greater offense (Class A misdemeanor). This distinction brings appellant's case outside of the *Stephens* paradigm. The Court of Criminal Appeals even said in *Stephens* that its opinion should not be read to extend to such dissimilar fact patterns. *See Stephens*, 806 S.W.2d at 814 n.4 ("This opinion does not purport to answer the question whether the Double Jeopardy Clause would bar a subsequent prosecution if the jury charge had included an instruction on the lesser included offense. . . .").

Because the jury here was charged on the lesser-included offense, appellant's case bears a far greater similarity to *Ex parte Granger*, 850 S.W.2d 513 (Tex. Crim. App. 1993). There, the defendant was indicted for capital murder, but the jury charge included instructions on both capital murder and its lesser-included offense of ordinary murder. *Id.* at 514. The jury convicted the defendant of the greater offense, but the conviction was overturned because there was insufficient evidence of the aggravating element. *Id.*

Rather than reform the judgment, the Court of Criminal Appeals sent the case back to be retried on the lesser offense of murder. *Id.* The defendant then applied for a writ of habeas corpus, arguing that a retrial was prohibited under the Double Jeopardy Clause. *Id.* at 515. The defendant relied on *Stephens* when making his argument, but the Court of Criminal Appeals distinguished *Stephens* for the same reason we have here: the jury charge in *Stephens* did not mention the lesser-included offense. *Id.* at 519–20.

The Court ultimately rejected the defendant's jeopardy challenge, explaining that the State's failure to prove the aggravating element of the greater offense did not mean that the defendant had been acquitted of the lesser offense:

> Because the evidence was insufficient *only* as to the capital element of the greater offense, it is clear both that, had the trial judge acted properly, only the lesser offense of murder would have gone to the jury and *it would have resulted in a conviction.* We know that it would have resulted in a conviction because the jury's actual verdict showed that it found the existence of every element of the lesser included offense. Since appellant has never been acquitted of *murder,* the rationales … supporting the rule barring retrial following acquittal simply are not applicable to his reprosecution for *murder.*

*Id.* at 519.

This reasoning applies with even greater force in appellant's case because the jury charge only contained the elements of the Class B misdemeanor. We know from the jury's verdict that the jury necessarily found the existence of every element for that offense beyond a reasonable doubt. The trial court may have erroneously upgraded the conviction to a Class A misdemeanor, but our judgment rendering an acquittal based on the absence of evidence for the aggravating element would not justify the conclusion that appellant should also be acquitted of the Class B misdemeanor, for which there was sufficient evidence.

Appellant responds that we should not apply *Granger* because *Granger* has been confined to just the capital murder context. Appellant cites two cases for this proposition—*Beltran v. State,* 99 S.W.3d 807 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) and *Shute v. State,* 877 S.W.2d 314 (Tex. Crim. App. 1994)—but neither supports the statement that *Granger* should be so limited.

Appellant also argues that *Granger* is distinguishable because the State in that case contested whether capital murder and murder were the same offense for jeopardy purposes, whereas the State in this case concedes that the Class A misdemeanor and the Class B misdemeanor are the same offense for jeopardy purposes. We do not understand how this difference would operate to make *Granger* inapplicable. The law remains the same, even if the arguments are not.

We conclude that *Granger* controls the outcome of this case, which means that appellant's jeopardy challenge must fail.

The trial court's order denying the application for writ of habeas corpus is affirmed.