**AFFIRMED IN PART; DISMISSED IN PART; Opinion Filed June 28, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01051-CR

### EX PARTE BRADRICK J. COLLINS

**On Appeal from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. MA17-18553-F**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Bridges

Bradrick J. Collins appeals the trial court's order denying his pretrial application for writ of habeas corpus and order denying his motion to set aside the information and complaint charging him with unlawfully carrying a weapon. In five issues, appellant contends the prosecution is barred by double jeopardy and there are defects in the information charging him with the offense. We affirm the trial court's order denying the pretrial writ application and dismiss appellant's appeal of the order denying his motion to set aside the information and complaint.

### BACKGROUND

On March 27, 2017, appellant was arrested for driving while intoxicated. During an inventory search of his vehicle, police recovered a nine-millimeter pistol. On June 20, 2017, the State charged appellant with a Class A misdemeanor of driving while intoxicated with a blood alcohol concentration of 0.15 or more. A jury convicted appellant of the DWI offense and that case is presently on appeal as cause no. 05-18-00498-CR. After obtaining a conviction on the

DWI offense, the State charged appellant with unlawfully carrying a weapon while engaged in the criminal activity of driving while intoxicated.

Appellant filed a pretrial application for writ of habeas corpus contending the present prosecution for unlawfully carrying a weapon subjects him to double jeopardy under both the federal and state constitutions. Appellant also filed a motion to set aside the information and complaint alleging the information and complaint have multiple defects. The trial court conducted a hearing on the writ application and motion to set aside, but the parties waived the presence of a court reporter. In separate orders issued on September 10, 2018, the trial court denied the pretrial application for writ of habeas corpus and the motion to set aside the information and complaint. Appellant appeals both determinations.

## JURISDICTION

Before addressing the merits of appellant's appeal, we pause to consider the scope of this appeal. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (appellate court must consider whether claim is cognizable on pretrial habeas as threshold issue before resolving merits). A pretrial writ of habeas corpus, followed by an interlocutory appeal, is an extraordinary remedy reserved for use when interlocutory review would better serve to protect the applicant's substantive rights or better conserve judicial resources. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). Generally, pretrial habeas is available only if resolving the issue results in the applicant's immediate release. *Id*. Pretrial habeas is unavailable when the development of a trial record would aid in resolving the applicant's claims. *Id*. Neither trial courts nor appellate courts should entertain a pretrial writ application when the complaint has an adequate remedy on appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).

The State urges the Court to dismiss this appeal. The State contends all of appellant's issues except the double jeopardy issue arise from his motion to set aside the information and

complaint which is not appealable at the pretrial stage. The State argues appellant's double jeopardy issue is non-cognizable because double jeopardy does not apply to his case.

The trial court's adverse ruling on a pretrial application for writ of habeas corpus may be appealed immediately. *See Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). In contrast, a pretrial motion, such as appellant's motion to set aside the information and complaint, may not be appealed until there is a final judgment. *See id*.; *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). Therefore, we agree with the State that appellant's second-through-fifth issues, addressing alleged error in denying his motion to set aside the information and complaint, are not ripe for review. *See Smith*, 178 S.W.3d at 801; *Apolinar*, 820 S.W.2d at 794. If he is convicted, appellant may challenge the information and complaint on direct appeal. Accordingly, we dismiss issues two through five and dismiss appellant's appeal to the extent it seeks review of the trial court's September 10, 2018 order denying appellant's motion to set aside the information and complaint.

Turning to appellant's double jeopardy issue, appellant attempts to raise both "successive prosecution" and "multiple punishments" double jeopardy claims. The State contends the issue lacks merit and thus is not cognizable on appeal. Cognizability, however, is a preliminary assessment that courts must make before considering the merits of the applicant's claim. *See Ellis*, 309 S.W.3d at 79. We reject the State's suggestion that we consider prematurely the merits of appellant's claim as part of our cognizability review.

Double jeopardy is a well-established subject for pretrial habeas relief. *See Ex parte Ingram*, 533 S.W.3d 887, 891–92 (Tex. Crim. App. 2017); *Perry*, 483 S.W.3d at 895. In particular, a double jeopardy claim based on successive prosecutions is an especially compelling subject for pretrial habeas relief because the right not to be exposed to personal strain, public embarrassment, and expense of a second trial conducted in violation of the defendant's constitutional rights is not

something that can be adequately remedied on direct appeal from a conviction. *Ex parte Robinson*, 641 S.W.2d 552, 554 (Tex. Crim. App. [Panel Op.] 1982). In contrast, "multiple punishments" double jeopardy claims are not cognizable on pretrial habeas because that right can be vindicated on direct appeal following trial. *Gonzalez v. State*, 8 S.W.3d 640, 643, n. 9 (Tex. Crim. App. 2000); *Robinson*, 641 S.W.2d at 554; *See also Apolinar*, 820 S.W.2d at 793–94; *Ex parte Devine*, No. 03-17-00033-CR, 2018 WL 4610934, at *3–4 (Tex. App.—Austin Sept. 25, 2018, no pet.) (not designated for publication) (unlike successive prosecution claim, multiple punishments double jeopardy claim not cognizable on pretrial habeas writ); *but see Ex parte Ramos*, No. 08-17-00070-CR, 2019 WL 1054122, at *3 (Tex. App.—El Paso Mar. 6, 2019, no pet.) (reviewing merits of multiple punishments claim on pretrial writ without discussing cognizability of issue). We conclude appellant's "successive prosecutions" double jeopardy claim is cognizable. *See Perry*, 483 S.W.3d at 895; *Robinson*, 641 S.W.2d at 554. We conclude appellant's multiple punishments claim is not cognizable on pretrial habeas but would be reviewable on direct appeal if appellant is convicted. *See Gonzalez*, 8 S.W.3d at 643, n.9; *Robinson*, 641 S.W.2d at 554. Thus, we will review the "successive prosecutions" portion of appellant's first issue.

## STANDARD OF REVIEW

We review the trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). We view the evidence in the light most favorable to the trial court's ruling and uphold it absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). We defer to the trial court's findings of fact supported by the record, especially when the fact findings arise from evaluating credibility and demeanor. *Paxton*, 493 S.W.3d at 297. We defer to the trial court's application of the law to the facts if resolving the ultimate question turns on an evaluation of

credibility and demeanor. *Id.* If resolving the ultimate question turns on applying legal standards, we review the trial court's determination *de novo*. *Id.*

## DOUBLE JEOPARDY

The Fifth Amendment's Double Jeopardy Clause, made applicable to the states by the Fourteenth Amendment, protects persons from (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See* U.S. CONST. amends. V, XIV; *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The Texas Constitution also prohibits double jeopardy and provides coextensive protection to the Double Jeopardy Clause of the United States' Constitution. *See* TEX. CONST. art. I, § 14; *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997).[1] Double jeopardy does not bar prosecution when the defendant commits separate and distinct offenses during the same transaction. *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989). When, however, one of the charged offenses is a lesser included offense wholly subsumed within the greater offense, the offenses are considered the same offense for applying double jeopardy. *See Brown*, 432 U.S. at 168; *Ex parte Chaddock*, 369 S.W.3d 880, 883 (Tex. Crim. App. 2012).

In his first issue, appellant contends the charging instruments in his DWI conviction and the present unlawful carrying prosecution allege "one offense" because each instrument requires proof of the same criminal act—driving while intoxicated. Appellant points to the many common elements between the two charges and he concludes proof of one necessarily requires proof of the other.

In determining whether appellant has been subjected to prohibited successive prosecutions, we must consider whether the two cases are legally and factually the same. *Ex parte Castillo*, 469

---

[1] Although appellant references the Texas Constitution's double jeopardy prohibition, he makes no separate constitutional argument under the Texas Constitution. Thus, we will not analyze separately the requirements of the double jeopardy prohibition in the Texas Constitution.

S.W.3d 165, 168–69 (Tex. Crim. App. 2015). The offenses of driving while intoxicated and unlawfully carrying a weapon are found in different statutes in the penal code. *See* TEX. PENAL CODE ANN. §§ 49.04, 46.02(a-1).[2] When two charges arise out of the same incident, but involve distinct statutory provisions, we evaluate whether they are legally the same by asking whether the two offenses contain the same elements or whether each provision requires proof of a fact which the other does not. *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Castillo*, 469 S.W.3d at 168. In conducting our "same elements" analysis, we use a cognate pleadings approach which requires us to compare the elements of the greater offense as pled in the charging instrument to the elements of the lesser offense in the abstract. *Castillo*, 469 S.W.3d at 169. When a lesser-included offense is wholly subsumed by the elements of a greater offense, the lesser and greater offenses are considered the same offense for application of double jeopardy. *Id*. at 168.

If we determine the two cases are legally the same, we must then determine whether they are factually the same. *Id*. at 169. We determine the allowable unit of prosecution and review the trial record to determine how many units have been shown. *Id*. The allowable unit of prosecution turns on statutory construction and usually requires ascertaining the gravamen of the offense. *Id*. To show a double jeopardy violation based on successive prosecutions, the habeas applicant must show the offenses are both legally and factually the same. *Id*.

Appellant's argument, that the two offenses are the same because the State was required to prove he was driving while intoxicated in each case, overlooks a critical distinction—appellant's DWI conviction is for the Class A misdemeanor of driving while intoxicated with a blood alcohol concentration of 0.15 or more which is a different offense from the Class B misdemeanor of driving

---

[2] Section 46.02 was amended in 2017 to prohibit carrying certain types of knives. *See* Act of May 24, 2017, 85th Leg., R.S., ch. 1049, §4, 2017 Tex. Gen. Laws 4106, 4107. Because the amendment did not affect subsection 46.02(a-1), the portion of the statute relevant to the appeal, we will cite to the current version of section 46.02(a-1).

while intoxicated. *See Ex parte Navarro*, 523 S.W.3d 777, 779 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (explaining differences between Class B misdemeanor of driving while intoxicated and Class A misdemeanor of driving while intoxicated with a blood alcohol concentration of 0.15 or more).

The allegation that the defendant's blood alcohol concentration is 0.15 or more is an element of the offense for Class A misdemeanor driving while intoxicated. *See id.*; *Castellanos v. State*, 533 S.W.3d 414, 419 (Tex. App.—Corpus Christi–Edinburg 2016, pet. ref'd) (holding allegation that defendant's blood alcohol concentration was above 0.15 was element of offense which State had burden to prove at guilt/innocence stage of trial); *Navarro v. State*, 469 S.W.3d 687, 696 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (same); *see also Ramjattansingh v. State*, 548 S.W.3d 540, 548 (Tex. Crim. App. 2018) (hypothetically correct jury charge for Class A misdemeanor driving while intoxicated includes proof that defendant had alcohol concentration of 0.15 or more at time analysis was performed); *Pallares-Ramirez v. State*, No. 05-15-01347-CR, 2017 WL 33738, at *2 (Tex. App.—Dallas Jan. 3, 2017, no pet.) (not designated for publication) (concluding trial court committed harmless error by treating allegation of elevated blood alcohol level of 0.15 or more as enhancement rather than as element of offense of Class A misdemeanor driving while intoxicated).

Applying the same elements test under the cognate pleadings approach, the elements of unlawfully carrying a weapon while engaged in criminal activity as pled in this case are: (1) appellant; (2) intentionally and knowingly; (3) carried on or about his person; (4) a handgun; (5) in a motor vehicle; (6) appellant owned and controlled; (7) while engaged in the criminal activity of driving while intoxicated. TEX. PENAL CODE ANN. § 46.02(a-1)(2). The elements of the Class A misdemeanor of driving while intoxicated with a blood alcohol concentration of 0.15 or more are: (1) a person, (2) is intoxicated, (3) while operating, (4) a motor vehicle, (5) in a public place,

and (6) an analysis of a specimen of his blood, breath or urine showed an alcohol concentration of 0.15 or more at the time the analysis was performed. TEX. PENAL CODE ANN. § 49.04(a), (d).

To prove the unlawful carrying offense, the State must prove appellant was carrying a handgun—an element it did not need to prove in the DWI offense. In the DWI offense, the State was required to prove the element that an analysis of a specimen of appellant's blood, breath, or urine showed an alcohol concentration of 0.15 or more at the time the analysis was performed— an element the State would not have to prove in the current prosecution as part of its proof that appellant was committing the criminal activity of driving while intoxicated. Because each offense requires proof of an element that the other does not, we conclude the current charge for unlawfully carrying a weapon while engaged in criminal activity and the prior conviction for driving while intoxicated with a blood alcohol concentration of 0.15 or more are dissimilar offenses and not greater and lesser included offenses for double jeopardy purposes. *See Castillo*, 469 S.W.3d at 168–69. Thus, the State is not subjecting appellant to double jeopardy by bringing the unlawful carrying charge. *See id*. We overrule appellant's first issue.

## CONCLUSION

We affirm the trial court's order denying relief on appellant's pretrial application for writ of habeas corpus. We dismiss appellant's appeal of the trial court's order denying relief on appellant's motion to set aside the information and complaint.

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181051F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE BRADRICK J. COLLINS

No. 05-18-01051-CR

On Appeal from the County Criminal Court
No. 5, Dallas County, Texas
Trial Court Cause No. M17-18553-F.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Carlyle
participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's pretrial application for writ of habeas corpus is **AFFIRMED**.  We **DISMISS** the appeal of the trial court's motion to set aside the information and complaint.

Judgment entered June 28, 2019