# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON RECONSIDERATION EN BANC

## NO. 03-22-00697-CR

**Michael Tucker, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY
## NO. D-1-DC-21-904045, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## O P I N I O N

This Court sitting en banc has voted to reconsider this case[1] to establish this Court's precedent about whether subsection (f)(1) of Penal Code section 22.021 (Subsection (f)(1)) defines an element of an offense of aggravated sexual assault. We thus also are deciding whether a trial court's felony judgment that lacks a reference in the judgment's "Statute for Offense" section to Subsection (f)(1) must be modified to include such a reference when a defendant has been sentenced in accordance with Subsection (f)(1)'s prescribed minimum sentence. We withdraw our opinion and judgment of October 5, 2023, and substitute today's opinion and judgment in their

---

[1] *See* Tex. R. App. P. 41.2(c). Justice Theofanis is recused from this case and has not participated in the case or in the en banc vote.

place.  Our disposition of the appeal remains the same, and we dismiss the State's motion for rehearing as moot.

Appellant[2] was convicted after a bench trial for the second-degree felony of indecency with a child by sexual contact, *see* Tex. Penal Code § 21.11(a)(1), (d), which was Count IV in the indictment, as well as other offenses involving the same child victim, including Count I for aggravated sexual assault, *see id.* § 22.021.  The trial court assessed punishment at 15 years in prison for Count IV and 25 years for Count I.  In a sole appellate issue, Tucker maintains that the evidence was insufficient to support the elements of the offense for *Count IV* that Tucker "caused [the child victim] to touch appellant's sexual organ" and that Tucker "acted with the intent to arouse and gratify her own sexual desire."  Separately, the State requests that we modify the judgment for *Count I* to add in its "Statute for Offense" field a reference to Subsection (f)(1).  We reject both sides' positions and affirm.

**BACKGROUND**

Tucker used to manage a group home where several people or families would rent individual rooms.  Tucker would collect the rent for the homeowner.  Tucker's bedroom was upstairs in the home, and Leslie Cunningham once rented another upstairs room.  She stayed there with her five-year-old daughter, A.R.

A.R. told her mother about concerning things that Tucker had done to the child, so Cunningham called the police.  An investigation ensued, A.R. went through a forensic interview, and Tucker was twice interviewed by a detective.  Daisy Sycks, another tenant in the group home,

---

[2]  Tucker's appellate brief says: "The appellant, Michael Tucker, is transgendered and thus will be referred to in the brief by feminine pronouns.  During these proceedings she referred to herself as Jacqueline Michelle Tucker."  We refer to Tucker using her chosen pronouns.

had a minor daughter who also made outcries against Tucker. Tucker was ultimately indicted for several sex offenses, variously involving A.R. and Sycks's daughter.[3] Count I against Tucker was for aggravated sexual assault involving A.R., and Count IV was for indecency with A.R. by sexual contact. There were other counts involving A.R. that we need not mention further. After a bench trial, the court convicted Tucker of Count I and Count IV and entered separate written judgments on those two counts. Tucker now appeals, challenging only the judgment for Count IV. The State's request for judgment modification concerns only the judgment for Count I.

## EVIDENCE SUFFICIENCY

Tucker argues in her sole appellate issue that the evidence was insufficient to support the elements of the offense that she "caused A.R. to touch appellant's sexual organ" and that she "acted with the intent to arouse and gratify her own sexual desire." The standards for evidence-sufficiency reviews after bench trials are generally the same as those for evidence-sufficiency reviews after jury trials. *See Robinson v. State*, 466 S.W.3d 166, 172–73 (Tex. Crim. App. 2015). In such a review, we must consider all the evidence in the light most favorable to the State, which requires resolving any ambiguities in the evidence in the State's favor. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 634 S.W.3d 745, 748 (Tex. Crim. App. 2021); *Hernandez v. State*, 556 S.W.3d 308, 315 (Tex. Crim. App. 2017). And we must consider the combined and cumulative force of all admitted evidence and the reasonable inferences that can be drawn from any or all of the evidence. *See Johnson v. State*, 509 S.W.3d 320, 322 (Tex. Crim. App. 2017).

---

[3] A separate appeal before this Court—cause number 03-22-00698-CR—concerns Tucker's conviction for offenses against Sycks's daughter.

We presume that the factfinder resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences all in a manner that supports the conviction. *See Jackson*, 443 U.S. at 318; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The factfinder is the sole judge of the weight and credibility of the evidence and could have believed some, all, or none of any given witness's testimony. *See Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018); *Schneider v. State*, 440 S.W.3d 839, 841 (Tex. App.—Austin 2013, pet. ref'd). We must defer to the factfinder on all these determinations. *See Zuniga*, 551 S.W.3d at 733; *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016); *Schneider*, 440 S.W.3d at 841. The factfinder also "may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence." *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014). If any rational factfinder could have drawn the inferences necessary to support proof of an element, then the State has carried its burden on that element. *See Brooks*, 634 S.W.3d at 748. As for those elements here, to have proven Tucker's offense of indecency with A.R. by sexual contact as alleged in the indictment, the State must have proven that Tucker caused A.R. to touch Tucker's sexual organ and that Tucker did so with the intent to arouse or gratify Tucker's own sexual desire. *See* Tex. Penal Code § 21.11(a)(1), (c)(2).

First, the evidence supports the element that Tucker caused A.R. to touch Tucker's penis. In her interviews with detectives, Tucker admitted to an incident that involved Tucker's penis's going in A.R.'s mouth. Tucker described the incident during the later interview with the detective: Tucker had just masturbated in her bed; A.R. knocked on her mother's bedroom's door; Tucker woke up; A.R. went in Tucker's room, went to where Tucker was on her bed, and asked to get under the covers; Tucker let A.R. under the covers and felt something wet on her penis, which was A.R.'s mouth; and Tucker never told Cunningham that this had happened.

4

Tucker's explanation for the incident was that the five-year-old child had "raped" her. But the trial court as factfinder was permitted to use its common sense to reject Tucker's explanation for why A.R.'s mouth had touched Tucker's sexual organ, *see Acosta*, 429 S.W.3d at 625, and could rationally infer instead that it had to have been the large adult, who is about 6′5″ or 6′6″ tall, who caused the young child to do what the child did. Plus, Tucker's admission that she did not tell the child's mother about what had happened supports a rational inference of consciousness of guilt, which is highly probative evidence of guilt, *see Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1994); *Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.). There was other evidence of Tucker's consciousness of guilt: Tucker admitted lying to the detective during their first interview about the incident and in the later interview told the detective that Tucker would apologize to A.R. about the incident if they had the chance to speak again. The evidence thus supported the necessary inferences on the element of the offense that Tucker caused A.R. to touch Tucker's sexual organ.

As for the element of the intent to arouse or gratify Tucker's sexual desire, "the requisite specific intent . . . can be inferred from" the defendant's conduct and remarks and all the surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). Relevant circumstances for inferring such an intent include other similar instances of the defendant's illegal sexual contact with children. *See Morgan v. State*, 692 S.W.2d 877, 881 (Tex. Crim. App. 1985).

The record here included, in addition to the evidence recounted above, plenty of evidence about similar instances of Tucker's illegal sexual contact with children and about a link between children and Tucker's arousing or gratifying her sexual desires:

- Tucker admitted to an instance involving a third person's perceiving that Tucker was masturbating to thoughts of children. At the time of the incident, A.R. had been in Tucker's room with her but then left. Tucker started masturbating. A neighbor saw Tucker doing it through a window and called out that Tucker was "a sicko or something," which Tucker believes was the neighbor's "perceiv[ing] that [Tucker] was jacking off to thoughts of" A.R.

- Tucker admitted that she "lusts for the body of children, especially female children," expressing that "children are born with bodies that [Tucker] wishes [s]he was born with." The detective interpreted the subtext of Tucker's statements as sexual. Tucker also described children's bodies, including when nude, as works of art.

- Tucker admitted that she herself is "not a safe person to watch children," at least in part because she is "a monster" for having touched the children inappropriately.

- Tucker admitted that there could have been times when she masturbated under her blanket while a child was in the room with her.

- Sycks's daughter reported that Tucker had inappropriately touched her, including once when Tucker pulled the child's pants down while in the bathroom and touched the child's vagina with Tucker's hand or finger.

- Tucker admitted to instances of touching Sycks's daughter. One such instance involved giving the child a "horsey ride" though the child was naked, and Tucker admitted both that the child's "vagina probably rubbed against [Tucker's] legs while that was happening" and that it was possible that Tucker's fingers or hand touched the child's vagina. In another instance, Tucker said that she saw Sycks's daughter belly-dancing while wearing an outfit like the one worn by the Jasmine character in the "Aladdin" movie. The child, Tucker believes, "ran across the room, leapt on [Tucker], forcing h[er] body backwards and then hump[ed] [Tucker], with [the child's] pelvis slamming into [Tucker's] pelvis," and it took Tucker "about thirty seconds for [Tucker] to recover h[er]self and get the small child off of" Tucker's body. Tucker thought that the child's mother was prostituting the child to Tucker and maintained that the three-year-old held Tucker (who is 6′5″ or 6′6″ tall) down on the bed for about 30 seconds.

Because of all this evidence, the trial court rationally could have inferred the necessary specific intent, including because Tucker's explanations for prior sexual contact with children were

6

implausible and because of the admissions about incidents that connect the arousal or gratification of Tucker's sexual desires with children. *See id.*; *McKenzie*, 617 S.W.2d at 216. We hold that the evidence was sufficient to support the elements of the offense of indecency with a child by contact that Tucker challenges and overrule her sole appellate issue.

### STATE'S REQUEST FOR MODIFIED JUDGMENT

The State requests that we modify the judgment for the Count I aggravated sexual assault to reflect that the "Statute for Offense" includes Subsection (f)(1)—the subsection of the statute that requires that the minimum term of imprisonment for Tucker's Count I offense be 25 years because the child victim was younger than six years old at the time the offense was committed. *See* Tex. Penal Code § 22.021(f)(1). The judgment for this count reflects the "Statute for Offense" as Penal Code section 22.021(a)(2)(B), but the State argues that omitting Subsection (f)(1) from the "Statute for Offense" field is a clerical error or misrecital requiring modification even though the judgment elsewhere—under a heading titled "Furthermore, the following special findings or orders apply:"—reflects the trial court's finding against Tucker under Subsection (f)(1) "that the victim or intended victim was younger than 6 years of age at the time of the offense." (Formatting altered.) We deny the State's request for the following reasons.

First, we set forth the relevant limits on our judgment-modification authority. We have the authority to "modify the trial court's judgment and affirm it as modified." Tex. R. App. P. 43.2(b). This authority to modify, however, does not extend to non-errors in a trial court's judgment. The authority has been described in different ways, including that it is used "to make the record speak the truth when the matter has been called to [our] attention by any source," *see French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); "to reform incorrect judgments,"

*see Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc); *see also French*, 830 S.W.2d at 609 ("adopt[ing] the reasoning set forth in *Asberry*"); "to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record," *see Asberry*, 813 S.W.2d at 530; to delete improper findings or add proper findings, *see Van Flowers v. State*, 629 S.W.3d 707, 710–11 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Asberry*, 813 S.W.2d at 530; and to resolve "conflict[s]" between an oral pronouncement of sentence and a competing sentence as reflected in the written judgment, *see Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The modification authority extends to at least some kinds of judicial errors as well as to mere clerical errors. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). But in all events, the modification authority deals with ascertainable *errors*. *See Briceno v. State*, 675 S.W.3d 87, 100 & n.3 (Tex. App.—Waco 2023, no pet.) (describing authority to modify judgments as part of court of appeals' "broad, remedial powers *to correct errors* in the record" (emphasis added)); *Shumate v. State*, 649 S.W.3d 240, 243 n.2 (Tex. App.—Dallas 2021, no pet.) (referring, in appeal involving issue about reforming or modifying judgment, to statements by Court of Criminal Appeals noting that "'[r]eform means to correct; to make new, to rectify' and h[olding] that 'the judgment of the court below should be reformed and corrected, so as to make it read, in connection with the judgment as entered" (quoting *McCorquodale v. State*, 98 S.W. 879, 887 (Tex. Crim. App. 1905) (op. on reh'g))); *Van Flowers*, 629 S.W.3d at 712 ("[T]he record must supply us with the information necessary to show both that a modification is warranted and the particular modification that is warranted. If the record does not do both, we cannot modify the trial court's judgment." (internal citation omitted)); *see also Van Flowers*, 629 S.W.3d at 715 (refusing to modify sentence that fell within statutory permissible range). The State cites us no authority, and we have found none, that

8

empowers us to modify a judgment to change something that is not an error in the judgment. Thus, if what the State requests here in its request to modify the judgment would not address an error, then we may not make the requested modification.

Turning next to the relevant requirements of a judgment, we begin with the relevant statute. The trial court's judgment of conviction

> shall reflect:
>
> . . . .
>
> The offense or offenses for which the defendant was convicted;
>
> . . . .
>
> The date of the offense or offenses and degree of offense for which the defendant was convicted; [and]
>
> . . . .
>
> In the event of conviction of an offense for which registration as a sex offender is required under Chapter 62, . . . a statement of the age of the victim of the offense.

Tex. Code Crim. Proc. art. 42.01, § 1(13), (14), (27). To effectuate these requirements, "[t]he Office of Court Administration . . . shall promulgate a standardized felony judgment form that conforms to the requirements of Section 1 of this article," and a "court entering a felony judgment shall use the form promulgated under this section." *Id.* § 4.

Pursuant to these directives, there is a form for judgments of felony convictions, and the trial court here used the form. The form includes a field titled "Statute for Offense," in which trial courts frequently insert statutory references. The references to be inserted in the "Statute for Offense" field should be those that define the elements of the offense that the defendant

9

committed.  *See McDade v. State*, 613 S.W.3d 349, 358 & n.12 (Tex. App.—Dallas 2020, no pet.); *Bledsoe v. State*, 479 S.W.3d 491, 497–98 (Tex. App.—Fort Worth 2015, pet. ref'd).

The State here argues that Subsection (f)(1) should be added to the judgment's "Statute for Offense" field because it is an element of the Section 22.021 offense that Tucker committed.  Whether we may grant the State's requested modification turns on whether the "Statute for Offense" field's lack of a reference to Subsection (f)(1) is an error, and that issue turns on whether Subsection (f)(1) defines an element of Tucker's Section 22.021 offense.

Neither the Court of Criminal Appeals nor our Court has resolved whether Subsection (f)(1) defines an element of an offense under Section 22.021.  With no precedent deciding the issue, we thus resort to first principles for deciding what is and is not an element of a particular offense.[4]

The Legislature has instructed that "'[e]lement of offense' means: (A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation of any exception to the offense."  Tex. Penal Code § 1.07(a)(22).  The "Legislature has considerable discretion in defining crimes and the manner in which those crimes can be committed," "limited only by the Due Process Clause of the federal constitution and the Due Course of Law provision of the Texas Constitution."  *O'Brien v. State*, 544 S.W.3d 376, 383 n.13 (Tex. Crim. App. 2018).

---

[4] In nonprecedential *Hernandez v. State*, *see* Tex. R. App. P. 47.7(a), we modified a judgment to add Subsection (f)(1) to the judgment's "Statute for Offense" field after the State in its appellee's brief requested the modification, relying on authority from our sister court treating Subsection (f)(1) as an element. *See* Nos. 03-22-00288-CR, 03-22-00289-CR, 2023 WL 4748842, at *6 (Tex. App.—Austin July 26, 2023, no pet.) (mem. op., not designated for publication) (citing *Bledsoe v. State*, 479 S.W.3d 491, 498 (Tex. App.—Fort Worth 2015, pet. ref'd)). The appellant had not responded on the issue in his reply brief, and after our opinion and judgment issued, the appellant did not move for rehearing or en banc reconsideration or seek discretionary review in the Court of Criminal Appeals.

The Court of Criminal Appeals has added, "An 'element' is a fact that is legally required for a fact finder to convict a person of a substantive offense." *Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014).

To "determine the elements of an offense," the Court of Criminal Appeals has applied what it calls "the eighth-grade-grammar test." *O'Brien*, 544 S.W.3d at 386. That test is applied "to the text of the statute describing the offense in the context of the entire statutory scheme to attempt to discern the Legislature's intent in passing the statute." *Id.* at 387. The test involves "focus[ing] on the statutory verb and its direct object defining the criminal act." *Id.* at 386; *accord Stuhler v. State*, 218 S.W.3d 706, 718–19 (Tex. Crim. App. 2007).

The test fits within Texas courts' overall approach to statutory interpretation when determining the elements of an offense. "Whether a particular statutory aggravating fact creates an element of a new offense or simply constitutes a punishment issue is a matter of statutory construction." *Holoman v. State*, 620 S.W.3d 141, 145 (Tex. Crim. App. 2021). When interpreting statutory provisions for these purposes, "we give effect to the plain meaning of the text, unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not have possibly intended." *Oliva v. State*, 548 S.W.3d 518, 521 (Tex. Crim. App. 2018). "Statutory language is ambiguous if it 'may be understood by reasonably well-informed persons in two or more different senses.'" *Id.* (quoting *State v. Schunior*, 506 S.W.3d 29, 34–35 (Tex. Crim. App. 2016)).

Aside from creating elements of offenses, statutory provisions also may create punishment "enhancements." *See id.* at 527 (distinguishing elements of offenses from punishment enhancements). An enhancement in this sense is a fact that increases the punishment range for an

11

offense to a certain range above that ordinarily prescribed for the offense.[5] *See Calton v. State*, 176 S.W.3d 231, 233 (Tex. Crim. App. 2005); *Castellanos v. State*, 533 S.W.3d 414, 418 (Tex. App.—Corpus Christi–Edinburg 2016, pet. ref'd); *Navarro v. State*, 469 S.W.3d 687, 696 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

We now turn to whether Subsection (f)(1) is an element of Tucker's Count I offense under Section 22.021. The statutory provisions relevant to Tucker's offense state:

(a) A person commits an offense:

(1) if the person:

. . . .

(B) regardless of whether the person knows the age of the child at the time of the offense, intentionally or knowingly:

(i) causes the penetration of the anus or sexual organ of a child by any means; [and]

. . . .

(2) if:

. . . .

(B) the victim is younger than 14 years of age, regardless of whether the person knows the age of the victim at the time of the offense.

. . . .

(f) The minimum term of imprisonment for an offense under this section is increased to 25 years if:

---

[5] In a different context from that presented by this case, enhancements can be elements of offenses when the enhancement raises a misdemeanor to a felony and thus invokes the subject-matter jurisdiction of a different level of court. *See Holoman v. State*, 620 S.W.3d 141, 143, 145–46 (Tex. Crim. App. 2021). This situation is not presented here because Subsection (f)(1) does not make a jurisdictional difference to Section 22.021 offenses, which already are felonies. *See* Tex. Penal Code § 22.021(e).

12

(1) the victim of the offense is younger than six years of age at the time the offense is committed.

Tex. Penal Code § 22.021(a)(1)(B)(i), (a)(2)(B), (f)(1).

Applying the Legislature's and Court of Criminal Appeals' tests to these statutory provisions leads us to conclude that Subsection (f)(1) is not an element of Tucker's offense under Section 22.021. The fact that a victim's age was less than six years at the time of the offense is not an instance of forbidden conduct, required culpability, a required result, or a negation of an exception to the offense. *See id.* § 1.07(a)(22). Tucker could have been found guilty under Section 22.021 without proof that the victim's age was under six years; therefore, proof of that fact was not "required for [the] fact finder to convict [Tucker] of [the] substantive offense." *See Schmutz*, 440 S.W.3d at 34. And applying "the eighth-grade-grammar test" shows that the relevant verb and direct object defining the offense here are, respectively, "causes" and "penetration," coupled with an article "the" and prepositional phrases "of the anus . . . of a child." *See* Tex. Penal Code § 22.021(a)(1)(B)(i). The plain meaning of the relevant statutory language is unambiguous—age less than six years under Subsection (f)(1) is not an element defining a Section 22.021 offense. The Subsection (f)(1) fact is instead a punishment enhancement because it is a fact that increases the punishment range for the offense above that ordinarily prescribed for the offense. *See Calton*, 176 S.W.3d at 233; *Castellanos*, 533 S.W.3d at 418; *Navarro*, 469 S.W.3d at 696. It is like other statutory provisions that have been treated as non-element enhancements. *See, e.g.*, *Curlee v. State*, 620 S.W.3d 767, 779 (Tex. Crim. App. 2021); *Young v. State*, 14 S.W.3d 748, 750, 753–54 (Tex. Crim. App. 2000).

Were matters different—if a fact that when proved merely imposes a higher sentence were for that reason necessarily an element of the offense as well—then the enhancement

of a misdemeanor DWI sentence by proof of only a single prior offense could not be a mere enhancement but would necessarily be an element as well. Yet the Court of Criminal Appeals has held exactly the opposite. Proof of a single prior offense is merely a DWI punishment issue and is not an element of the offense. *See Oliva*, 548 S.W.3d at 519–20, 533–34.

We thus conclude that Section 22.021 unambiguously requires that Subsection (f)(1) not be an element of a Section 22.021 offense. Even if the statute were ambiguous, we would still conclude that Subsection (f)(1) is not an element. The relevant statutory provisions bear some of the hallmarks identified by the Court of Criminal Appeals as signaling non-element status. For example, Subsection (f)(1) is not framed using the phrase "a person commits an offense if." *See id.* at 523. Subsection (f)(1) is a subsection of the statute different from "the main part of the statute prescribing the offense," "separated from provisions that more obviously prescribe elements of an offense." *See id.* at 531. And Subsection (f)(1) refers to a specific punishment range.[6] *See id.* at 531–32.

The State's arguments in support of the requested modification do not persuade us. It argues that adding Subsection (f)(1) to the "Statute for Offense" field is "necessary . . . because it signifie[s] that appellant [i]s not eligible for parole" and that without it "the judgment [i]s

---

[6] We recognize that our conclusion is at odds with the one in our unpublished *Hernandez* and disavow it only to the extent that it is inconsistent with this en banc opinion. And although Tucker agrees with the State that *Hernandez* treated Subsection (f)(1) as an element, we are not bound by the parties' agreement on the legal issue of the proper interpretation of Section 22.021 to determine whether Subsection (f)(1) is an element. *See Oliva v. State*, 548 S.W.3d 518, 520 (Tex. Crim. App. 2018) ("[T]he parties agree that the existence of a prior conviction is an element of the offense. We, of course, are not bound by any agreement or concessions by the parties on an issue of law."); *see also Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010) ("[T]he proper administration of the criminal law cannot be left merely to the stipulation of parties." (quoting *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002))); *Van Flowers v. State*, 629 S.W.3d 707, 710 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (citing same principle from *Estrada* when considering issue about requested modification of judgment).

incomplete and should be modified to accurately reflect the statutes of conviction and sentence." But the finding that Subsection (f)(1) calls for is expressly stated in the judgment here. In its field for "special findings or orders [that] apply," the judgment says, "The Court enters an affirmative finding that the victim or intended victim was younger than 6 years of age at the time of the offense." The State makes no showing for why stating the Subsection (f)(1) finding like this is insufficient, and we have found no precedential authority besides *Bledsoe* indicating that such a statement is insufficient. From *Bledsoe*, we are more persuaded by the reasoning in Justice Dauphinot's dissent, *see* 479 S.W.3d at 499–500—reasoning that is consistent with what we have laid out above.

The State goes on to argue from *Bledsoe* that without the modification to add Subsection (f)(1) to the "Statute for Offense" field, "the Texas Department of Criminal Justice could erroneously, yet understandably, conclude that [Tucker] is eligible for release on parole." *See id.* at 498. We trust the abilities of Department officials to read what Tucker's Count I judgment already says and correctly carry out the officials' duty to determine parole ineligibility under this statute: "An inmate is not eligible for release on parole if the inmate is . . . serving a sentence for any of the following offenses under the Penal Code: . . . (3) Section 22.021, if the offense is punishable under Subsection (f) of that section."[7] *See* Tex. Gov't Code § 508.145(a)(3). The judgment here expressly provides the finding that activates Subsection (f)(1) and thus also Government Code section 508.145(a)(3). The State has not shown that more is needed in the

---

[7] Notably, this statute's use of the phrase "is punishable under" for Subsection (f)(1) is yet another sign that the Legislature views Subsection (f)(1) not as an element of the offense but as a mere punishment enhancement. *See Oliva*, 548 S.W.3d at 532.

15

"Statute for Offense" field or that a phone call to the Department could not fix any error in determining Tucker's parole ineligibility.

In all, we must deny the State's requested modification because the lack of Subsection (f)(1) in the "Statute for Offense" field is not an error.

## CONCLUSION

We affirm the trial court's judgment.

_____
Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Baker, Triana, Kelly, and Smith
  Justice Theofanis not participating

Affirmed on En Banc Reconsideration

Filed:  April 25, 2024

Publish